PLANE TECHS and Commerce & Industry Insurance Company
*v.* Stephen KENO

CA 08-108                                                    286 S.W.3d 774

Court of Appeals of Arkansas
Opinion delivered September 10, 2008

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Micheal L. Alexander*, for appellants.

*The Law Firm of White & White, PLC*, by: *J. Mark White*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellant Plane Techs argues that the Arkansas Workers' Compensation Commission erred when it found that per diem payments Plane Techs made to its employee, appellee Stephen Keno, should be included in the calculation of Keno's average weekly wage. We affirm the Commission's decision.

An employee's workers' compensation is computed on the "average weekly wage earned by the employee under the contract of hire in force at the time of the accident." Ark. Code Ann. § 11-9-518(a)(1) (Repl. 2002). "Wages" is defined as "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, including the

reasonable value of board, rent, housing, lodging, or similar advantage received from the employer." *Id.* § 11-9-102(19) (Supp. 2007).

According to the stipulations of the parties, Plane Techs is a staffing company specializing in recruiting and providing aviation mechanics to work for its clients on a temporary basis, and Keno, whose domicile was in Colorado, was hired by Plane Techs to work a temporary assignment as an aviation mechanic for a client in Hot Springs, Arkansas, where Keno temporarily resided for the assignment. When Keno suffered his compensable injury, he was being paid a base wage of $7.50 per hour and overtime wages of $24 per hour. Further, Keno was eligible for a per diem payment of $120 for each day worked, for a maximum of $600 per week, for the purposes of reimbursing him for his duplicate expenses for meals, lodging, and incidentals. The parties further stipulated that it was Plane Techs's understanding that, according to federal law, any portion of the per diem payment not spent on meals and lodging was to be returned to Plane Techs or was to be reported by Keno to the IRS as other income.

In addition to these stipulations, the Commission had before it the deposition testimony of Steven Lewis, who handles workers' compensation claims for Plane Techs. He testified that the per diem payments were to "reimburse for the duplicate expenses of the temporary residence, lodging, and meals associated with that temporary residence, of working away from the permanent tax home," that the "per diem is based on a total amount they can earn per week, and then is divided by the day," and that it was the maximum amount the IRS would allow Plane Techs to pay without withholding taxes on that amount. Also presented was the deposition testimony of Stephen Fisher, who is Plane Techs's vice-president of operations. Fisher agreed that the per diem paid to Keno was at least a factor in agreeing to work for them, that if he did not pay a per diem, he would not be able to attract as many qualified mechanics to work for them, and that to successfully recruit qualified mechanics, he had to offer a certain level of compensation, regardless of what percentage may be per diem and what percentage may be wages.

Before the administrative law judge (ALJ), Plane Techs and its insurance carrier contended that the per diem payments should not be included in calculating Keno's average weekly wage. The ALJ disagreed with their contention, and the ALJ's decision was adopted by the Commission on appeal. In their appeal to this

court, they make this same argument. Particularly, they assert that neither the previously cited statutes nor this court's decision in *Eckhardt v. Willis Shaw Express, Inc.*, 62 Ark. App. 224, 970 S.W.2d 316 (1998), require that the per diem payments should be included.

In *Eckhardt*, the claimant was employed as a short-haul truck driver and compensated at a rate of $425 per week instead of by the miles he drove, but if he drove more than 1700 miles in a work week, he received a bonus, and if he was required to be away from home overnight, $35 of his salary was paid as per diem or a subsistence allowance for each such night. The per diem payments, however, were not subject to either state or federal withholding. In finding that the per diem payments should be included as part of the employee's wages, the *Eckhardt* court concluded that "[c]alling this salary per diem was simply a legal way under the federal and state tax codes whereby [the employer] could boost [the employee's] take-home pay, and coincidentally, avoid reimbursing him for expenses." *Id.* at 229, 970 S.W.2d at 318.

Plane Techs and its insurance carrier contend that *Eckhardt* is distinguishable because here the per diem payments do not constitute real economic gain for Keno, as the payments were not made to Keno in lieu of wages but instead were reimbursements for lodging, meals, and incidental expenses, allowing him to "break even" with regard to living expenses. We, however, construe *Eckhardt* more broadly. In *Eckhardt*, the subsistence allowance provided a "boost" to the employee's take-home pay. Similarly, and considering our statutory language, the per diem payments made by Plane Techs for reimbursement of lodging, meals, and incidental expenses provided an "advantage" to Keno. We see no meaningful distinction between Plane Techs providing "board, rent, housing, lodging, or similar advantage" as set forth in the statute and the per diem payments made by Plane Techs to Keno so that he can purchase the same. The per diem payments save Keno from expending other funds to acquire these advantages. Furthermore, Keno has the option of retaining any unused per diem funds, thus increasing his income. Thus, the per diem payments made to Keno fall within the statutory definition of wages, as it is an "advantage" received from his employer.

On appellate review, this court reviews only questions of law, and we may modify, reverse, remand for rehearing, or set aside an order or award, if the facts found by the Commission do not support the order or award or if that order or award is not

supported by substantial evidence. Ark. Code Ann. § 11-9-711(b)(4) (Supp. 2007). We hold that the facts found by the Commission support its order and that the order is supported by substantial evidence.

Affirmed.

GRIFFEN and HUNT, JJ., agree.